UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NANCY COBB CAPO,

        Plaintiff,

vs.                                           Case No.  3:13-cv-259-J-MCR

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[2]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

This matter arises from Plaintiff's application for a period of disability and Social Security Disability benefits filed on August 19, 2009, alleging disability commencing on January 9, 2009.  (Tr. 134-39).  The claim was denied initially on December 15, 2009, and upon reconsideration on April 28, 2010.  (Tr. 68-70, 73-74).  Plaintiff requested a

---

       [1]      Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

       [2]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 12).

hearing which was held on March 16, 2011, before an Administrative Law Judge ("ALJ"). (Tr. 25-63, 77-78). On April 26, 2011, the ALJ found Plaintiff not disabled and issued his notice of decision unfavorable. (Tr. 6-24). Plaintiff requested review of the ALJ's decision. (Tr. 128). On September 25, 2012, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Accordingly, the ALJ's decision became the Commissioner's final decision. Plaintiff timely filed his Complaint in this Court seeking judicial review of the Commissioner's decision. (Doc. 1).

## II.      NATURE OF DISABILITY CLAIM

### A.      Basis of Claimed Disability

Plaintiff alleges disability commencing on January 9, 2009 due to scoliosis and depression. (Tr. 134-39, 143). She was born on June 25, 1956, and was 54 years of age on the date of the ALJ's decision. (Tr. 31, 113). Plaintiff has a high school education and no past relevant work experience. (Tr. 119, 122).

### B.      Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. § 404.1520. First, if a claimant is performing substantial gainful activity, they are not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments, which significantly limit their physical or

mental ability to do basic work activities, then they do not have a severe impairment and are not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, they are disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent them from doing past relevant work, they are not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering their residual functional capacity, age, education, and past work) prevent them from doing other work that exists in the national economy, then they are disabled. 20 C.F.R. § 404.1520(f). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the date of her application for disability benefits. (Tr. 11). At the second step, the ALJ found Plaintiff suffered from the following severe impairments: degenerative disk disease, disc herniation with multiple bulges, scoliosis, post-traumatic stress disorder, and depressive disorder. Id. At the third step, the ALJ found Plaintiff did not have an impairment, or combination of impairments, which met or equaled any of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. Id. The

ALJ determined Plaintiff had the residual functional capacity ("RFC")[3] to perform a restricted range of light work.[4]  Specifically, the ALJ found that Plaintiff can:

> lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand/walk 6 hours and sit 6 hours. Plaintiff can occasionally climb, balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to hazards (machinery, heights). She is limited to simple, routine, repetitive tasks involving up to 3-step commands only a low stress environment with only occasional changes in the work setting and occasional judgment or decision-making. She can have occasional interaction with the general public and co-workers.

(Tr. 12).

At the fourth step, the ALJ found Plaintiff did not have any past relevant work experience. (Tr. 18). At the fifth step, based on the testimony of a vocational expert ("VE"), the ALJ found an individual with the same age, education, work experience, and RFC as Plaintiff would be able to perform the duties of a mail clerk, a housekeeper/cleaner, and an office helper. (Tr. 18-19). Consequently, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 19).

---

[3] The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations. 20 C.F.R. § 404.1545. The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation. Id.

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

**III.   ANALYSIS**

    **A.   The Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence must do more than create a mere suspicion of the existence of a fact, and must include relevant evidence which a reasonable person would accept as adequate to support the conclusion.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560.

    **B.   Issues on Appeal**

Plaintiff raises the following two issues on appeal: (1) whether the ALJ properly considered the medical opinions of record in assessing Plaintiff's RFC (Doc. 16, pp. 9-

14); and (2) whether the testimony of the vocational expert provides substantial evidence to support the ALJ's determination that Plaintiff could perform jobs that exist in significant numbers in the national economy (Id. at pp. 15-24).  The Court will address each of these issues.

**1.     Whether the ALJ Properly Considered the Medical Opinions of Record In Assessing Plaintiff's RFC.**

First, Plaintiff contends the ALJ failed to consider the full opinion of consultative examiner, Dr. Denis Verones, Ph.D.  (Doc. 16, pp. 9-12).  In addition, Plaintiff argues the ALJ erred in failing to articulate good cause for not assigning controlling weight to the opinion of treating physician Dr. Sanjay S. Sastry, M.D.  (Id. at pp. 12-24).

With regard to the opinion of Dr. Verones, Plaintiff saw Dr. Verones for a consultative psychological examination on November 2, 2009.  (Tr. 270-72).  At that time, Plaintiff reported chronic back pain and depression.  (Tr. 270).  Dr. Verones diagnosed Plaintiff with post traumatic stress disorder and major depression, moderate, recurrent and assigned a Global Assessment of Functioning ("GAF") score of 50.[5]  In addition, Dr. Verones opined that Plaintiff's prognosis was guarded.  (Tr. 272).

Plaintiff alleges that because the ALJ did not specifically mention Dr. Verones' opinion that Plaintiff had a guarded prognosis, functioned only marginally, and needed mental health treatment before she could maintain full-time employment, the ALJ did not

---

[5]     The Global Assessment of Functioning Scale ("GAF") ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, or unable to care for himself). Diagnostic and Statistical Manual of Mental Disorders—Fourth Edition.  The range of 41 to 50 is defined as "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)."  Id.

properly consider Dr. Verones' evaluation as a whole.  However, the Court finds the ALJ discussed the pertinent elements of Dr. Verones' opinion.  Specifically, the ALJ's decision states the following:

> In November of 2009, the claimant underwent a consultative psychological evaluation at the request of the Social Security Administration. Upon examination, she described her mood as "depressed," but her affect was appropriate.  There was no evidence of delusions, ruminations, or obsessions; and she denied any suicidal thoughts. Thought processes were logical and coherent.  She was oriented times three.  Dr. Verones' diagnosis was post-traumatic stress disorder; major depression, moderate, recurrent; back pain secondary to scoliosis, by history; and GAF of 50.

(Tr. 13).

In addition, Plaintiff's prognosis and Dr. Verones' statement that Plaintiff "is functioning only marginally" do not offer anything by way of Plaintiff's limitations and/or restrictions.  (Tr. 272).  Furthermore, Dr. Verones' statement that Plaintiff needed mental health treatment before she could maintain employment concerns an issue reserved to the Commissioner.  See 20 C.F.R. § 404.1527(e) (opinions that a claimant is "disabled" or "unable to work" are not medical opinions and are not given "any special significance;" they are "opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."); SSR 96-5p, at *2 (treating physician opinions on issues reserved to the Commissioner are never given controlling weight).  Therefore, the Court finds the ALJ did not err in evaluating Dr. Verones' opinion.

With regard to the treating opinion of Dr. Sastry, on February 23, 2010, Dr. Sastry completed a form relating to Plaintiff's assessed job restrictions.  Dr. Sastry

opined Plaintiff could perform light/limited duty work, which he defined as no bending or stooping, no lifting over 20 pounds, and Plaintiff could perform sedentary or "sit down" work only.  (Tr. 666).

When considering a treating physician's testimony, the ALJ must give substantial or considerable weight to such testimony unless good cause is shown to the contrary. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004); Lewis v. Callahan, 125 F.3d 1436,1440 (11th Cir. 1997); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Such a preference is given to treating sources because such sources are likely to be best situated to provide a detailed and longitudinal picture of the medical impairments.  Lewis, 125 F.3d at 1440. Furthermore, the ALJ must specify the weight given to the treating physician's opinion or reasons for giving the opinion no weight, and the failure to do so is reversible error. MacGregor, 786 F.2d at 1053.  Good cause for rejecting a treating source's opinion may be found where the treating source's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating source's opinion was conclusory or inconsistent with his or her own medical record.  Phillips, 357 F.3d at 1240-41 (citing Lewis, 125 F.3d at 1440); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987). Where the Commissioner has ignored or failed properly to refute the treating physician's testimony, such testimony, as a matter of law, must be accepted as true.  MacGregor, 786 F.2d at 1053.

Here, the Court finds that the ALJ provided sufficient good cause, based on substantial evidence, for not giving Dr. Sastry's opinion controlling weight.  (Tr. 15).  The

ALJ discussed Dr. Sastry's opinion, but indicated that he did not give it controlling weight because the opinion contained internal inconsistencies. (Id.). The ALJ further explained that Dr. Sastry found Plaintiff could lift 20 pounds, but this opinion was inconsistent with the statement that Plaintiff needed to be limited to sedentary or sit down work. (Tr. 15, 666). In addition, the ALJ found Dr. Sastry's opinion that Plaintiff could not stoop or bend was inconsistent with the objective medical evidence and Plaintiff's testimony. (Tr. 15). For example, during an examination in November 2009, Plaintiff could bend from side to side and could also bend down and touch her toes without pain. (Tr. 324). Furthermore, Plaintiff testified that she could climb a flight of stairs and bend over at times. (Tr. 16, 49). Thus, the ALJ determined that Plaintiff could bend or stoop on an occasional basis and discounted Dr. Sastry's opinion that Plaintiff could not bend or stoop at all. (Tr. 15).

Accordingly, based upon a thorough review of the evidence in the record, the Court finds that substantial evidence supports the ALJ's evaluation of the opinions of Drs. Verones and Sastry and, in turn, his RFC determination.

> **2. Whether the VE's Testimony Provides Substantial Evidence to Support the ALJ's Determination that Plaintiff Could Perform Jobs that Exist in Significant Numbers in the National Economy.**

Plaintiff contends that the ALJ's hypothetical question to the VE did not adequately account for her mental limitations in concentration because he limited Plaintiff to "simple, routine repetitive tasks involving up to 3-step commands only" in a "low stress environment with only occasional changes in the work setting and occasional judgment or decision making." (Doc. 16, pp. 15-24). Plaintiff cites Winschel

v. Comm'r of Soc. Sec., 631 F.3d 1176 (11th Cir. 2011), in support is his contention. (Id.).

Upon review, the Court finds that Plaintiff's reliance on Winschel is misplaced. The decision in Winschel in fact clarified that restricting a claimant to simple and routine tasks or unskilled work adequately accounts for restrictions related to concentration, persistence or pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies. See 631 F.3d at 1180 (observing that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations"). Here, the ALJ posed a hypothetical question to the VE assuming a person with Plaintiff's vocational characteristics and the ability to perform work within Plaintiff's RFC. (Tr. 58-60). In response, the VE identified light duty jobs Plaintiff could perform, including a mail clerk, a housekeeper/cleaner, and an office helper. (Tr. 60). Thus, in accordance with Winschel, the Court finds substantial evidence supports the ALJ's decision because the medical evidence demonstrates that Plaintiff retained the ability to perform the jobs the VE identified despite concentration deficiencies.[6]

---

[6] For example, Plaintiff's October 2009, mental status examination notes that Plaintiff was alert and oriented. (Tr. 629). In November 2009, Plaintiff's mental status examination showed Plaintiff was oriented and appeared pleasant and alert. (Tr. 324). At her consultative examination with Dr. Verones, Plaintiff showed no evidence of delusions, ruminations, or obsessions and showed orientation. (Tr. 271). Indeed, other treatment notes contained similar findings. See (Tr. 277, 303).

In addition, the ALJ discussed other evidence that demonstrated Plaintiff could perform simple and routine tasks despite limitations in concentration, persistence or pace. (Tr. 17). The ALJ noted that Plaintiff cooked simple meals, watched television, vacuumed, made her bed, drove, shopped, took care of personal need independently, took care of her husband who had seizures, did laundry, ironed, mowed the lawn, used the computer, and visited the library, and applied for jobs. (Tr. 17, 54, 153-57). Further, the ALJ noted that Plaintiff worked after her alleged onset date and made regular reports to the state and conducted job searches for unemployment purposes. (Tr. 17).

This Court's review is directed by 42 U.S.C. § 405(g), which provides that the Court may enter a judgment affirming, modifying, or reversing the decision of the Commissioner "upon the pleadings and transcript of the record" and that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Although the agency's regulations require the ALJ to "issue a written decision which gives the findings of fact and the reasons for the decision," 20 C.F.R. § 404.953(a), neither the regulations nor the statute provide or otherwise contemplate that a reviewing court may ignore evidence in the record not specifically mentioned by the ALJ. Nor is the Court prohibited from discussing evidence that was not cited or explicitly relied upon by the ALJ. In fact, § 405(g) requires the court to review the entire record for substantial evidence, not just the evidence specifically mentioned by the ALJ. See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (stating that "the district court must review the agency's decision and determine whether its conclusion, as a whole, was supported by substantial

-11-

evidence in the record"); Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001) (stating that the courts are charged with looking to the record as a whole, regardless of whether each piece of evidence has been cited or discussed by the Commissioner). Upon thorough review of the evidence of record, the Court concludes that Plaintiff failed to prove her claim of disability. See 20 C.F.R. § 404.1512.

## IV.  CONCLUSION

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this  19th  day of August, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record